not seised in law of the estate, because she had only a reversion therein, after the tenancy of her father by the curtesy should expire. My opinion is, that there can, technically speaking, be a seisin in law of a reversion, though not in deed; and that such was her predicament. She was, in the strictest sense of the terms, seised of the reversion. See Cook v. Hammond [Case No. 3,159]; Plow. 191.

Upon the whole my opinion is, that the plaintiffs upon the special verdict are entitled to recover their purparty, as heirs of their mother, Eliza Gibbs.

The district judge concurs in this opinion, and judgment is to be given accordingly.

## Case No. 13,469.

STODDARD v. The PEDRO.

[See Case No. 4,489.]

## Case No. 13,470.

STODDARD v. READ.

[2 Dall. 40.] [1]

Circuit Court, D. Pennsylvania. May Term, 1783.

PRIZE — PERISHING CONDITION OF VESSEL—SALE.

[This was an appeal in admiralty by Stoddard against Read and the schooner Squirrel and cargo.]

On motion of the appellant's counsel, before an appearance filed on behalf of the appellee, stating that the prize schooner was in a perishing condition, it was ordered:

BY THE COURT. That the schooner, her tackle, apparel, and furniture, be sold at public auction, to the highest bidder, for the use of those to whom the same shall be finally decreed.

STODDARD (WILSON v.). See Case No. 17,838.

## Case No. 13,471.

STODDART v. WARREN.

[7 Reporter, 517.] [2]

Circuit Court, N. D. Illinois. 1879.

CONTRACTS—SUBSCRIPTIONS FOR BOOKS—PARTIES —SUBSCRIPTIONS CANCELLED OR TRANSFERRED BY CANVASSERS.

1. Orders or subscriptions for a book taken by a general agent, or by a canvasser, authorized by the publisher, are contracts between the publisher and the subscriber. In any event, the agent or canvasser is only liable as a guarantor, or where bad faith is shown.

2. An agent for subscriptions or a canvasser of books has no right to cancel subscriptions or to transfer them to another party.

This action embraces three original actions brought by plaintiff against defendant upon certain promissory notes and accounts. The defendant admitted the demands, but pleaded a set-off. It appears that defendant was the general agent of plaintiff for the sale in the Northwest of an American reprint of the Encyclopædia Britannica, issued by plaintiff in parts, at Philadelphia. The work was to be sold by subscription, and to be furnished to defendant at certain rates. The British publishers of the work subsequently arranged for its sale in this country through a Mr. Hall. The defendant requested plaintiff to consent that he might act as Hall's agent, which was refused. The defendant thereupon notified plaintiff that he should in future canvass the "Hall edition" only. In the mean time he had obtained a large number of subscribers for the plaintiff's edition. The plaintiff refused to fill defendant's orders for these subscriptions except for cash. The defendant then, as he claims, to protect himself, and at a great expense, induced a large number of the subscribers to exchange their subscription for the "Hall edition," taking back the reprint volumes. He claims for such expense, for loss on the volumes returned him, and also for profits on subscriptions not exchanged. It is contended, on the part of the defendant, that he was not bound to continue in the execution of this contract for any specific or certain time, but that he was at liberty to suspend operations under it at any time, when it appeared to him to be his interest to do so; but that the plaintiff was bound to supply him with books to fill all orders during the time he was engaged in working under the contract. In other words, that the defendant might, at his option, stop at any time canvassing for the plaintiff's books, but that the plaintiff was bound to supply the books to fill the orders taken upon the terms provided for in the contract; and upon this basis of a construction the defendant makes his claim for damages.

Tenney & Flower and J. R. Sypher, for plaintiff.

Higgins & Sweet, for defendant.

BLODGETT, District Judge, (charging jury). After a careful study of the contract, I am of the opinion that this undertaking was entered upon, probably, by the parties with the expectation that it would continue during the time that the book was to be in the process of issue, that is, during the time the entire issue was coming out; and it was also expected that during that time the defendant would continue his canvass for the work within the territory assigned, or at least that his canvass would be continued until such time as he had made a thorough and complete canvass of the field assigned to him.

The question is: Had the defendant the right to obtain a cancellation of the orders he had secured for the plaintiff's book, and substitute orders for the Hall book, and charge the expense of so doing to the plaintiff? Upon this question I am very clear that he had no such right. The orders in question had been ob-

---

[1] [Reported by A. J. Dallas, Esq.]
[2] [Reprinted by permission.]