## WEISMAN v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. January 10, 1921. Rehearing Denied April 1, 1921.)

No. 2841.

1. **War ⊙⇒33—Did not cease on the day of the Armistice.**

   The war did not cease on the day of the Armistice.

2. **Indictment and information ⊙⇒61—Indictment need not allege state of war, which is judicially noticed.**

   In a prosecution for injuring a telegraph line operated by the United States and used in furtherance of transportation of war materials and troops, the indictment need not allege that the United States was at war at the time the alleged offense was committed, for the court will take judicial notice of that fact.

3. **War ⊙⇒4—Wire in telegraph line for railroad operation is part of "war premises" or "war utilities."**

   Wire, which formed part of a telegraph line then being operated by the United States and used as an aid to the transportation of war material and troops of the United States, cannot be distinguished from "war premises," or "war utilities," so that the stealing of such wire may be punished as an injury to war utilities.

In Error to the District Court of the United States for the Eastern District of Illinois.

Meyer Weisman and others were convicted of injuring a telegraph line operated by the United States and used as an aid to transportation of war material and troops, and defendant Weisman brings error. Affirmed.

Horace L. Dyer, of St. Louis, Mo., for plaintiff in error.
A. B. Dennis, of Danville, Ill., for the United States.

Before BAKER, EVANS, and PAGE, Circuit Judges.

EVANS, Circuit Judge. Defendant Meyer Weisman was indicted, along with others, and convicted on one count of an indictment charging him with having "willfully and feloniously" injured—

"a certain telegraph line then and there being, which said telegraph line was then and there the property of the Louisville & Nashville Railroad Company, a corporation, and was then and there in the possession and under the control of and operated by the United States, and which said telegraph line was then and there being used in connection with and as an aid to the transportation of

⊙⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

war material and troops of the United States in the carrying on said war, and as a means of communication to the military forces of the United States, by then and there stealing, taking, and carrying away about 5,000 feet of No. 4 copper line wire, which said copper line wire was then and there being used for the carrying of messages in connection with the operation of the Louisville & Nashville Railroad, and which said railroad was then and there engaged in the transportation of war material and troops of the United States in the carrying on of said war."

Two of the other defendants pleaded guilty, while a fourth was acquitted.

While numerous errors are assigned, we are not favored by counsel with an argument in support of any of them. Under the title of "Brief of the Argument" counsel has restated the assignment of errors changing the language but slightly. Although raising legal questions, we are not favored by counsel for either side with the citation of a single authority.

Notwithstanding the failure of counsel to assist the court in disposing of the questions, we have carefully gone over the assignment of errors, and will consider the questions presented under the headings: (a) The sufficiency of the indictment; (b) rulings during the trial; (c) the sufficiency of the evidence to support the verdict.

[1] The first and third headings may be considered together, because, if we correctly understand counsel's position, it is that the indictment fails to show this country was at war at the date (September 30, 1919) the offense is alleged to have been committed. In other words, we are asked to hold that the war ceased on the day of the Armistice. The contrary is held in Hamilton v. Kentucky Distilleries, 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. 194; C. A. Weed & Co. v. Lockwood, 266 Fed. 785.

[2] The contention is further made that the indictment fails to allege that the United States was at war. While this allegation is not necessary, for the court will take judicial notice of that fact (Prize Cases, 67 U. S. [2 Black] 635, 17 L. Ed. 459; Nueces Valley Town Site Co. v. McAdoo [D. C.] 257 Fed. 143), it sufficiently appears in the indictment, though inserted somewhat parenthetically.

[3] Nor can we sustain the assignment of error that distinguishes between "war premises or war utilities" and "copper line wire" used as part of a telegraph line "which was then and there being used in connection with and as an aid to the transportation of war material and troops of the United States in carrying on said war." The evidence justifies us in concluding that the 5,000 feet of copper line wire was used as a part of the telegraph system operated by the United States in connection with the operation of the Louisville & Nashville Railroad, and that defendants cut and carried it away.

The testimony of the two defendants who pleaded guilty amply supports the verdict.

The errors dealing with the instructions are not well taken. No requested instruction was submitted, and none of the assigned errors in the instructions as given were called to the court's attention, either at the time the charge was given or later.

The judgment is affirmed.