JOHN F. SCOTT *vs.* COMMISSIONER OF CIVIL SERVICE.

Suffolk.    May 16, 1930. — July 2, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Civil Service. Veteran. Great War. Statute,* Construction. *Evidence,* Common knowledge. *Words,* "Veteran," "In time of war."

So far as material to the construction of G. L. c. 31, § 21, as amended by St. 1924, c. 155, the Great War came to an end when the armistice therein was signed on November 11, 1918, notwithstanding the fact that a treaty of peace was not proclaimed until 1921.

It is common knowledge that, upon the signing of the armistice, the Great War was actually at an end, and was so regarded by every one.

The contemporary utterances of the President of the United States and of the Governor of the Commonwealth are entitled to great weight

in the determination of the time of the ending of the Great War as it related to the construction of a statute enacted and approved after such utterances.

A construction by the department of the civil service of St. 1919, c. 150 (now G. L. c. 31, § 21, as amended by St. 1924, c. 155), followed in all cases coming before the department during a period of several years since its enactment, is entitled to considerable weight in interpreting doubtful language therein.

One who was sworn into the service of the United States Navy on November 13, 1918, was not a "veteran" within the meaning of G. L. c. 31, § 21, as amended by St. 1924, c. 155, and was not entitled to preference as such in the civil service.

PETITION for a writ of mandamus, filed in the Supreme Judicial Court for the county of Suffolk on December 2, 1929, and described in the opinion.

The petition was heard by *Field,* J., who ruled that the petitioner had not "served in the . . . navy . . . of the United States in time of war" and was not a "veteran" within the meaning of G. L. c. 31, § 21. The single justice ordered the petition dismissed as a matter of law and reported the case for determination by the full court.

*P. A. Dever,* (*M. F. McGuire* with him,) for the petitioner.

*C. F. Lovejoy,* Assistant Attorney General, for the respondent.

CROSBY, J.    This is a petition for a writ of mandamus, to compel the commissioner of civil service to place the petitioner's name in preferred position upon the eligible list of applicants for service in the fire department of the city of Cambridge, upon the ground that he is a "veteran" within the meaning of G. L. c. 31, § 21, as amended. The facts as stated in the petition are not in dispute. The petitioner made application to join the United States Navy and was sworn into the service on November 13, 1918. The armistice in the Great War was signed on November 11, 1918. When the petitioner enlisted R. L. c. 19, § 20, was in force, and defined a "veteran" as used in the civil service as "a person who served in the army or navy of the United States in the war of the rebellion . . . or a citizen of this commonwealth who distinguished himself by gallant and heroic conduct while serving in the army or navy of the United States and has received a medal of honor from the president of the United

States." The above definition of "veteran" was changed by St. 1919, c. 150, § 1, which reads as follows: "The word 'veteran' as used in this act shall mean any person who has served in the army, navy or marine corps of the United States in time of war or insurrection and who has been honorably discharged from such service or released from active duty therein, provided that such person was a citizen of this commonwealth at the time of his induction into such service or has since acquired a settlement therein; and provided further that any such person who at the time of entering the said service had declared his intention to become a subject or citizen of the United States and withdrew such intention under the provisions of the act of congress approved July ninth, nineteen hundred and eighteen, and any person designated as a conscientious objector upon his discharge shall not be deemed to be a 'veteran' within the meaning of this act." The definition of "veteran" is now found in G. L. c. 31, § 21, as amended by St. 1924, c. 155, and provides that the service shall be "in time of war."

It is the contention of the petitioner that the war continued until the proclamation of the treaty of peace in 1921, and, therefore, he comes within the statutory definition of a veteran although his service did not begin until after the signing of the armistice. We cannot agree with this contention. When the armistice was signed it was generally recognized that the war had come to an end. It was so considered by the President of the United States who, on November 11, 1918, addressing the two Houses of Congress in joint assembly under the provisions of the Constitution, stated "The war thus comes to an end; for, having accepted these terms of armistice, it will be impossible for the German command to renew it." It also appears that the Governor of this Commonwealth in his Thanksgiving Proclamation in November, 1918, stated "and the war has been brought to a victorious end." Official Papers, Governor of Massachusetts, 1916–1918, page 426. The Governor of the Commonwealth in his inaugural address to the Legislature in January, 1919, stated, "The war is over." Senate Documents 1919, No. 1, pages 22–23.

The words "in time of war" found in the statute in question (St. 1919, c. 150, approved May 2, 1919) are to be construed in connection with the foregoing utterances of the President of the United States and the Governor of the Commonwealth.  It is doubtless true, as the petitioner argues, that, strictly speaking, an armistice is not the end of warfare, but is a temporary suspension of hostilities.  All warfare ceased when the armistice was signed and hostilities were not thereafter renewed.  We are of opinion that, so far as this statute is concerned, the war was then at an end.  It is common knowledge that upon the signing of the armistice the war was actually at an end, and was so regarded by everyone.  It cannot rightly be held that it was still in existence after November 11, 1918.  In the determination of that question the statements of the President and the Governor are of importance and entitled to great weight.  Especially is this true in construing a statute giving a preference which is authorized only when based upon service rendered in time of actual war.  There is nothing in the joint resolution of Congress, adopted July 2, 1921, 42 U. S. Sts. at Large, 105, fixing a later date as the end of the war which requires a different interpretation of a statute first enacted about two years earlier.

It is to be observed that St. 1919, c. 283, sometimes referred to as the "Bonus Act," providing for special recognition of those residents of this Commonwealth who served in the army or navy of the United States during the war with Germany, in § 2 limits the benefits conferred to those who so served prior to November 11, 1918.

The act relating to State and military aid, St. 1919, c. 290, § 3, also provides that the war with Germany "shall be defined as having begun on the third day of February, nineteen hundred and seventeen, and as having ended on the eleventh day of November in the year nineteen hundred and eighteen . . . ."

Although a similar provision is not found in St. 1919, c. 150, § 1, the omission, as pointed out by the respondent, is undoubtedly due to the fact that this section was drawn

in general terms making it applicable to all wars. If, as the single justice could have found, the department of civil service since the enactment of St. 1919, c. 150, has construed the act as inapplicable to persons whose service in the army or navy commenced after the date of the armistice, that construction followed in all cases coming before the department during a period of several years is entitled to considerable weight in interpreting doubtful language of the statute. *Tyler* v. *Treasurer & Receiver General*, 226 Mass. 306, 310.

In construing the Lever Act, enacted in 1917, 40 U. S. Sts. at Large, 276, which empowered the President of the United States to make certain orders "during the war," it was said by the Supreme Court of Pennsylvania in *George B. Newton Coal Co.* v. *Davis*, 281 Penn. St. 74, 85, that the phrase quoted "has relation solely to a state of actual war . . ." See also *Davis* v. *Newton Coal Co.* 267 U. S. 292, 300.

We are of opinion that, as the petitioner did not enter the service until after the armistice had been signed, he is not a "veteran" within the definition of that word as used in G. L. c. 31, § 21.

It follows that the order of the single justice dismissing the petition as matter of law was correct.

*Order denying petition for writ of mandamus affirmed.*