[Civ. No. 9036. First Appellate District, Division One.—July 28, 1933.]

PATRICK T. DOOLEY, Appellant, v. JAMES HERVEY JOHNSON, as County Assessor, etc., Respondent.

FRED L. EDWARDS, Appellant, v. JAMES HERVEY JOHNSON, as County Assessor, etc., Respondent.

Fred A. Steiner for Appellants.

Thomas Whelan, District Attorney, and Frank T. Dunn, Chief Deputy District Attorney, for Respondent.

THE COURT.—These two cases were consolidated for the purpose of trial. The plaintiffs each joined the United States navy early in 1919 and continued to serve in the said navy until 1923 when they were honorably discharged from said service. Each of them in the time required by law made application to the defendant, who was then the duly qualified and acting county assessor of the county of San Diego, California, for a veteran's tax exemption for the year 1932 as provided for by section 1¼ of article XIII of the Constitution of this state. The said assessor having denied to each of said plaintiffs the said exemption provided for by said section of the Constitution, they each filed a petition for an alternative writ of mandate praying that said assessor be directed to grant the said tax exemption to each of said plaintiffs. At the hearing of said petitions the trial court entered a judgment denying each of them, and from this judgment plaintiffs have appealed.

Section 1¼ of article XIII of the Constitution of this state in part provides that the property to the amount of

one thousand dollars of every resident of this state who has served in the army, navy, marine corps or revenue marine service of the United States in time of war, and has received an honorable discharge therefrom, shall be exempt from taxation, with certain exceptions that have no application to the cases now under consideration.

Section 3612 of the Political Code as it stood in 1915 (Stats. 1915, p. 351) contained four subdivisions. Subdivision 1 provides for the procedure for tax exemptions of veterans. Subdivision 2 requires affidavits by the applicants for exemptions. Subdivision 3 provides that the assessor may require proof in addition to the affidavit of the applicant before granting the exemption, and subdivision 4 contains a list of the recognized wars within the meaning of the said constitutional provision. Subdivision 4 was amended in 1919 by adding thereto the words "War with Germany-Austria, April 6, 1917" (Stats. 1919, p. 305), and again amended in 1929 by adding the words "to and including November 11, 1918". (Stats 1929, p. 441). An armistice was entered into on November 11, 1918, between the belligerent nations and thereafter hostilities were not renewed. On July 2, 1921, peace between the United States and Germany and Austria was declared by joint resolution of congress.

The sole question presented for determination on this appeal is whether or not one who served in the United States navy after the armistice was in force and before peace was declared and who was honorably discharged is entitled to the exemption provided for in section 1¼ of article XIII of the Constitution.

Section 25 of article IV of the Constitution prohibits the legislature from passing local or special laws in certain enumerated cases, of which the following: Subdivision 19— "Granting to any corporation, association or individual any special or exclusive right, privilege or immunity."

It is admitted that appellants possessed all the requirements entitling them to the said exemptions, provided they had served in time of the war that existed between the United States and Germany-Austria. Appellants contend that although hostilities had ceased between the nations on November 11, 1918, by virtue of the armistice, nevertheless a state of war continued to exist until peace was declared

on July 2, 1921; that therefore that part of subdivision 4 (u) of section 3612 of the Political Code, which declares that the said war ended on November 11, 1918, is unconstitutional and void so far as it affects the rights of veterans who served in the navy after the date of said armistice, but before peace was declared on July 2, 1921.

Bouvier defines an armistice as being "An agreement between belligerent forces for a temporary cessation of hostilities. The condition of war between the parties continues in all other respects and produces its usual effects." (1 Bouvier's Law Dictionary, third revision, 238, 239.)

"A truce or suspension of arms," says Kent, "does not terminate the war, but it is one of the *commercia belli* which suspends its operation. . . . At the expiration of the truce, hostilities may recommence without any fresh declaration of war." (1 Kent's Commentaries, 14th ed., pp. 160, 161.) An armistice effects nothing but a suspension of hostilities. (*Commercial Cable Co.* v. *Burleson*, 255 Fed. 99; *Weisman* v. *United States*, 271 Fed. 944; *Ex parte Sichofsky*, 273 Fed. 694.)

The Supreme Court of the United States holds that a war does not end at the date of an armistice, but continues until peace is declared. (*Hijo* v. *United States*, 194 U. S. 315 [24 Sup. Ct. 727, 48 L. Ed. 994]; *Hamilton* v. *Kentucky Distilleries Co.*, 251 U. S. 146–165 [40 Sup. Ct. 106, 64 L. Ed. 194].) However, in *Scott* v. *Commissioner of Civil Service*, 272 Mass. 237 [172 N. E. 218], the court in construing a statute (Stats. 1919, chap. 150, sec. 1), defining the word "veteran" as used in said act, held that it meant any person who had served in the army or navy of the United States prior to the armistice and had been honorably discharged. This statute provided that a veteran was one who had enlisted in the army or navy of the United States in time of war and had been honorably discharged. Petitioner had enlisted in the United States navy on November 13, 1918, and had been honorably discharged. In the course of its decision the court said that it was doubtless true, as claimed by petitioner, that strictly speaking the armistice is not the end of the warfare, but is a temporary suspension of hostilities, but all warfare ceased when the armistice was signed, and hostilities were not thereafter renewed; that it is common knowledge that

upon the signing of the armistice the war was actually at an end and was so regarded by everyone, and that therefore it cannot be rightfully held that it was still in existence after November 11, 1918.

We are of the opinion that the weight of authority upholds petitioners' contention that the said war did not terminate at the date of the armistice, but continued until peace was declared on July 2, 1921, and that the words "in time of war" as used in section 1¼ of article XIII of the Constitution have reference to the date when peace was declared between the said belligerent nations. This being true the act of the legislature fixing the date of the ending of said war as of November 11, 1918, is therefore in violation of the Constitution and void.

In *Franchise Motor Freight Assn.* v. *Seavey,* 196 Cal. 77 [235 Pac. 1000], the court said: "It is well settled that the authority and duty to ascertain the facts which will justify classified legislation rests in the first instance with the legislature. Every presumption is in favor of the validity of the legislative determination, and its decision as to what is a sufficient distinction to warrant the classification will not be overthrown by the courts unless it is palpably arbitrary (*Anastasion* v. *Superior Court,* 194 Cal. 93 [227 Pac. 762]; *People* v. *Monterey Fish Products Co.,* 195 Cal. 548 [234 Pac. 398, 38 A. L. R. 1186]). It is equally well settled that a statute makes an improper and unlawful discrimination if it confers particular privileges upon a class arbitrarily selected from a larger number of persons all of whom stand in the same relation to the privileges granted and between whom and the persons not so favored no reasonable distinction or substantial difference can be found justifying the inclusion of the one and the exclusion of the other (5 Cal. Jur. 825, and cases cited)."

The tax exemptions granted by the Constitution to veterans applied to all who had served in time of war and not to a selected class. The attempt of the legislature to limit the said exemptions to the veterans who served prior to the armistice was an arbitrary classification, not founded upon a reasonable distinction or a substantial difference justifying the exclusion of the veterans who served after the armistice and prior to the declaration of peace.

█ The fourteenth amendment to the Constitution of the United States provides that no state shall deny to any person within its jurisdiction the equal protection of the laws. This equal protection clause makes but one demand upon the state and gives the state but one right. It is that the state shall make and execute and interpret its laws without discrimination. It must not grant rights to one which under similar circumstances it denies to another. (*Title Guarantee & Trust Co.* v. *Garrott,* 42 Cal. App. 152 [183 Pac. 470]; 5 Cal. Jur. 792.)

Section 1¼ of article XIII of the Constitution has been amended several times; once in 1922 and again in 1926, but no change has ever been made in that part of it that refers to service in time of war.

█ It is a general rule in construing the provisions of the Constitution that the natural and ordinary meaning of the words employed is to be accepted unless they are technical or ambiguous, or except where the meaning has been established by statute or by judicial construction. (*San Francisco* v. *McGovern,* 28 Cal. App. 491 [152 Pac. 980]; *City of Pasadena* v. *Railroad Com.,* 183 Cal. 526 [192 Pac. 25, 10 A. L. R. 1425]; *San Pedro etc. R. R. Co.* v. *Hamilton,* 161 Cal. 610 [119 Pac. 1073, 37 L. R. A. (N. S.) 686]; *Miller* v. *Dunn,* 72 Cal. 462 [14 Pac. 27, 1 Am. St. Rep. 67]. The words "in time of war" are neither technical nor ambiguous. They have, in effect, received judicial construction by the highest court in this country. That construction we cannot do otherwise than follow.

The judgment is reversed.